IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF DELAWARE

| | | |
|---|---|---|
| REX MEDICAL LP, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 05-28-GMS |
| v. | : | |
| DATASCOPE CORP., | : | |
| Defendant. | : | |

## JOINT STATUS REPORT

Plaintiff, Rex Medical LP ("Rex"), and Defendant, Datascope Corp. "(Datascope"), by and through their undersigned counsel and pursuant to the Court's Notice of Scheduling Conference entered in this matter, hereby submit this Joint Status Report for purposes of the Scheduling Conference before the Honorable Gregory M. Sleet on May 9, 2005.

### I.     JURISDICTION AND SERVICE

The parties agree that the Court has subject matter jurisdiction over the claims and counterclaims asserted in the pleadings and personal jurisdiction over the parties. No parties remain to be served at this time.

### II.    SUBSTANCE OF THE ACTION

Rex has asserted claims against Datascope in this action for breach of contract and unjust enrichment. In short, Rex alleges that it transferred valuable technology to Datascope under the technology transfer agreements, but that Datascope has failed in many respects to meet its end of the bargain. Moreover, Rex also claims that Datascope has substantially delayed, impeded and interfered with Rex's ability to meet certain deadlines under the technology transfer agreements, and has otherwise acted in bad faith with respect to its agreements with Rex. Rex is seeking

9868726.3

monetary damages, declaratory relief and any other appropriate relief against Datascope as a result of Datascope's wrongful conduct.

Datascope has asserted claims against Rex for breach of the agreements between the parties. Datascope alleges that Rex failed timely to perform its obligations, and did not deliver products required under the agreements, despite Datascope's payment of approximately $6 million to Rex in milestone installments. Datascope also claims that the limited products Rex did deliver were defective, which resulted in a subsequent recall by Datascope. As described more fully in Section V below, Datascope is seeking equitable and monetary relief to redress Rex's multiple breaches.

### III. IDENTIFICATION OF ISSUES

#### Rex

With respect to Rex's claims against Datascope, Rex believes that the issues in dispute are as follows:

(1) Whether Datascope breached any of the technology transfer agreements?

(2) If so, did the breach(es) cause Rex to suffer damages?

(3) If so, what is the amount of Rex's recoverable expectancy damages?

(4) Whether Rex is entitled to declaratory relief reverting the technology back to it?

(5) Whether Rex conferred a benefit on Datascope?

(6) Whether it would be unjust to allow Datascope to keep the benefit conferred without additional payment to Rex?

(7) What is the amount of Rex's damages?

With respect to Datascope's counterclaims against Rex, Rex believes that the issues in dispute are as follows:

(1) Whether Rex breached any of the technology transfer agreements?

(2) If so, whether the breaches by Rex were justified or excused by some action or breach by Datascope?

**Datascope**

With respect to Datascope's counterclaims against Rex, Datascope believes that the main issues in dispute include the following:

(1) Whether Rex breached any of the technology transfer agreements?

(2) If so, did the breaches cause Datascope to suffer damages?

(3) If so, what is the appropriate monetary relief?

(4) Is Datascope entitled to equitable relief, such as an order directing Rex to deliver certain technology items to Datascope?

With respect to Rex's claims against Datascope, Datascope believes that the main issues in dispute include the following:

(1) Whether Datascope breached any of the technology transfer agreements?

(2) Whether Rex is barred from recovery on claims of breach against Datascope by virtue of Rex's prior, material breaches of the agreements?

(3) Whether the payments made by Datascope under the agreements conferred a benefit upon Rex, in relation to the performance of the parties, that bars Rex from recovery on its claims of breach?

IV. **NARROWING OF ISSUES**

After the opportunity to conduct some discovery, it may be possible for the parties to narrow the issues in this litigation by agreement and/or dispositive or partially dispositive motions. As discovery progresses, Rex expects to evaluate whether to file summary judgment

motions with respect to one or more of its claims and/or the counterclaims, including on the ground that no genuine issue of fact exists with respect to Datascope's material breaches of the technology transfer agreements and such breaches preclude Datascope from recovering against Rex for breach of contract.

Likewise, as discovery progresses, Datascope expects to evaluate whether to file partial or full summary judgment motions with respect to one or more of the agreements, including on the ground that no genuine issue of fact exists with respect to Rex's failure to deliver ProLumen Plus on or before the contractually specified date of July 1, 2004.

### V.     RELIEF

Rex seeks both monetary and equitable relief against Datascope on its claims.  Rex has not yet quantified the monetary relief sought in its entirety, but it includes recovery of the remaining $3.3 million milestone payments, plus earn out payments that Rex would have realized had Datascope fulfilled its representations and contractual obligations under the technology transfer agreements, and/or recovery of other income that would have been realized by Rex had Datascope fulfilled its contractual obligations under the technology transfer agreements, and/or recovery of damages for the loss of opportunities resulting from Rex's commitment of corporate resources to projects that were delayed as a result of Datascope's acts or omissions, and/or recovery of the value of the benefits conferred on Datascope by Rex for which it has not been adequately compensated, and or any other damages that are appropriate. The equitable relief sought includes an Order declaring that the technology covered by the technology transfer agreements is reverted back to Rex pursuant to the terms of the technology transfer agreements because of Datascope's breaches.

Datascope seeks both equitable and monetary relief on its counterclaims. The equitable relief sought includes an order directing Rex to deliver to Datascope certain items of technology and related intellectual property and materials. Datascope has not yet quantified the monetary relief sought, but it may include recovery of some or all of the $6 million previously paid to Rex, and/or recovery of the income that would have been realized by Datascope had Rex fulfilled its contractual obligations under the agreements and/or recovery of damages for the loss of opportunities resulting from Datascope's commitment of corporate resources to projects that failed as a result of Rex's acts or omissions.

## VI. AMENDMENT OF PLEADINGS

The parties do not contemplate any amendments to the pleadings at this time.

## VII. JOINDER OF PARTIES

The parties do not contemplate the joinder of any additional parties at this time.

## VIII. DISCOVERY

The parties propose the following dates for purposes of the Scheduling Order to be entered by the Court in this matter:

Fact Discovery Deadline - January 31, 2006

Plaintiff's and Defendant's Expert Reports Due (with respect to any claims for which they respectively bear initial burden of proof) - February 28, 2006

Defendant's and Plaintiff's Rebuttal Expert Reports Due - March 28, 2006

Expert Discovery Deadline - April 28, 2006

Dispositive Motion Deadline - June 5, 2006

Trial - July 10, 2006

Although the parties are unable to determine whether discovery can be reasonably limited or completed in a less costly and/or time consuming manner, the parties will explore such options in good faith after conducting some initial discovery in this matter.

## IX. ESTIMATED LENGTH OF TRIAL

At this time, the parties estimate that it will take two to three weeks to complete the trial in this action with the estimated duration of the trial being divided equally between the parties.

## X. JURY TRIAL

Both parties have requested a jury trial in this matter.

## XI. SETTLEMENT

The parties have engaged in detailed settlement discussions and continue to explore possible avenues of reaching an amicable resolution of the matter in whole or part. However, to date, no settlement has been reached. It may be helpful to refer the matter to the Magistrate for mediation at some future date after the parties have had the opportunity to engage in some discovery.

## XII. MISCELLANEOUS

Counsel for the parties have conferred about each of the matters listed in the Court's Notice of Scheduling Order.

| FOX ROTHSCHILD LLP | YOUNG CONAWAY STARGATT & TAYLOR LLP |
|---|---|
| /s/<br>Gregory B. Williams, Esquire (I.D. No. 4195)<br>919 N. Market Street, Suite 1300<br>Wilmington, DE 19899<br>(302) 622-4211<br><br>And<br><br>Of Counsel:<br>Abraham C. Reich, Esquire<br>Fox Rothschild LLP<br>2000 Market Street, 10th Floor<br>Philadelphia, PA 19103<br>(215) 299-2000<br><br>Attorneys for Rex Medical LP<br><br>Date: May 2, 2005 | /s/<br>Rolin P. Bissell (I.D. No. 4434)<br>Glenn C. Mandalas (I.D. No. 4432)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>(302) 571-5004<br>rbissell@ycst.com<br><br>And<br><br>Of Counsel:<br>Robert J. Jossen, Esquire<br>Joseph F. Donley, Esquire<br>Dechert LLP<br>30 Rockefeller Plaza<br>New York, NY 10112<br>(212) 698-3500<br><br>Attorneys for Datascope Corp. |